UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIE LUM, | CASE NO. C21-0670JLR |
| Plaintiff, | ORDER |
| v. | |
| GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, | |
| Defendant. | |

Before the court is Plaintiff Julie Lum, D.M.D.'s unopposed motion to amend her complaint. (Mot. (Dkt. # 17).[1]) Dr. Lum filed her original complaint in this action on May 21, 2021. (Compl. (Dkt. # 1).) She asserted claims for breach of contract, violations of Washington's Insurance Fair Conduct Act and Consumer Protection Act,

---

[1] Although Dr. Lum states in the caption of her motion that it is unopposed, she makes no express representations that she discussed the amendments with opposing counsel or that opposing counsel agreed not to oppose the motion. (*See generally* Mot.) Because Dr. Lum may file a first amended complaint as of right, however (*see infra*), she does not require opposing counsel's consent to amend her complaint.

ORDER - 1

1 | breach of the implied covenant of good faith and fair dealing, and declaratory judgment
2 | arising from Defendant Great-West Life & Annuity Insurance Company's ("Great-
3 | West") denial of her claim for disability insurance benefits. (*See generally id.*)
4 |     On July 23, 2021, Great-West moved to dismiss Counts II, III, and IV of Dr.
5 | Lum's complaint. (*See* MTD (Dkt. # 12).) Great-West argued, in relevant part, that the
6 | court must dismiss Dr. Lum's claims for violations of Washington statutes, breach of the
7 | implied covenant of good faith and fair dealing, and declaratory judgment because
8 | Illinois law, rather than Washington law, governs the disability insurance policy at issue
9 | in this case. (*See generally id.*)
10 |     Dr. Lum now moves the court for leave to file a first amended complaint. (*See*
11 | *generally* Mot.) She asserts that she was unaware that Great-West had applied Illinois
12 | law in dismissing her claim for benefits and that she has now properly repleaded her
13 | claims under Illinois law. (*Id.; see also* Redlined FAC (Dkt. # 17-2).)
14 |     Under Federal Rule of Civil Procedure 15(a)(1)(B), a party may amend its
15 | complaint once as a matter of course within 21 days after service of a responsive pleading
16 | or 21 days after service of a motion under Federal Rule of Civil Procedure 12(b). Fed. R.
17 | Civ. P. 15(a)(1)(B). Here, Dr. Lum has not previously amended her complaint, and she
18 | seeks to amend her complaint within 21 days of Great-West's service of its motion to
19 | dismiss under Federal Rule of Civil Procedure 12(b)(6). (*See generally* Dkt.; *see* MTD.)
20 | Thus, Dr. Lum is entitled to amend her complaint once as a matter of course and is not
21 | required to seek the court's leave to amend.
22 |

For the foregoing reasons, the court STRIKES Dr. Lum's motion to amend (Dkt. # 17) and ORDERS her to file her amended complaint within five (5) days of entry of this order. In addition, the court STRIKES Great-West's motion to dismiss (Dkt. # 12) without prejudice to filing a renewed motion after Dr. Lum files her amended complaint.

DATED this 9th day of August, 2021.

JAMES L. ROBART
United States District Judge

ORDER - 3